Good morning. This is case number 11-30170. My name is Robert Saenz. I'm the attorney for the appellant Gerardo Sanchez-Ramirez. I'd like to please reserve two minutes for rebuttal. May it please the court, Mr. Ekstrom, counsel for the government. We have presented essentially two issues on appeal. First is whether or not there was adequate probable cause to issue a search warrant, a state court search warrant. And secondly, whether or not the sentencing guidelines with respect to acceptance of responsibility for a third point reduction were properly applied in this case. With regard to the search warrant... I'd like you to have a chance to address my thoughts. On the point, when I first read it, my reaction was the same as yours. Prosecutor doesn't get to decide, the judge does. And then I look at the guidelines and it says, nope, judge doesn't get to decide, prosecutor does on the third point. And I don't really understand your answer to it. Okay. My answer, of course, this Ninth Circuit Court of Appeals has held that it is entirely within the prosecutor's discretion. It's similar to... Yep, just like what the guidelines say. Yes, but the guidelines also say that if the defendant waives his right to appeal and if the guidelines are at 16 or greater... I misspoke, I'm sorry. If the defendant waives his right to a trial and pleads guilty, and if the guideline range is higher than 16, then a third point should be added to the reduction. It doesn't give any other criteria for the reduction. However, case law has engrafted another component not found in the guidelines that he also needs to waive his right to appeal. Now that part is not... Well, the guidelines also say upon motion of the government. Yes, and I would suggest that if the defendant pleads guilty, the only criteria is greater than 16. And the court at that time should order the prosecutor because there's no other... You're saying that when the law says it's the prosecutor's call, we should order the prosecutor to make the call? When you're limited in the... The trial court is limited with the... There's just one element there, pleads guilty, and greater than 16 points. And I think in that case, the court should. Mr. Sines, I wrote a dissent in Johnson that agreed to what you're talking about, but I was a dissenter. I didn't win in that case. I felt that your analysis was correct. But in light of Johnson, we don't have any ability as a panel of three judges to overturn that, do we? Are we bound by Johnson? I think that this panel has the ability to make a correct decision. Well, that's a novel idea. I thought we had a follow on an earlier three-judge panel. And I think that the authority around the country is moving... But that doesn't matter, Mr. Sines. I empathize with your position, as I indicated in my dissent in Johnson. But under our case law, and most recently Miller v. Gammy, as a three-judge panel, we have no authority to overrule Johnson. Now, if you can get somebody to take a case on Bonk, and the Bonk court overrules Johnson, that's another matter. But you could have every single circuit in the country except ours that was opposite Johnson, and we're still bound by Johnson. Yes, I understand that. So I empathize, but I don't see where this gets... Yesterday, we had a lawyer who kept citing cases by the members of the panel, except for Judge Smith. So I think you're making up... But in this case, he only decided to dissent, so that doesn't help. It's Judge Smith's dissent. He's got a case of mine. I wrote an opinion saying, you plead, you get two points. You plead early, you get three. And then they changed the guidelines and said, nope, not anymore. Well, I think Judge Smith is always right, but the question is, there's not much we can do about it. So I think you'd do better to move on to your other issue, if it's any better. Okay, thank you very much. Okay. The next issue is the search warrant. Now, we contend that the search warrant is purely conclusory with regard to the site. A substance believed to be methamphetamine was recovered from a driver. But, Mr. Sines, again, we get cases occasionally where we've had from yesterday that dealt with some really interesting, tough, tough issues that ultimately might require Frank's involvement. But in this case, Detective Stoll, however you say it, had direct observations that gave him good reason to suspect that the Pasco residence was a source of meth. That's ER 33 through 34. And Gomez's statements to law enforcement officers reconfirmed what Stoll observed, and that's ER 33. Correct. What more do you need? I mean, this is a search warrant. This is not a trial. Yes. You have to show that it's got probable cause that there's evidence of illegal activity there. Correct. And that's the weakest. That part of it was the weakest part of my argument. I think a stronger, better point is that they identified a substance believed to be methamphetamine. So you're trying to strike down a portion of the search warrant? No, no, no. I think that the… You mean you have to do testing on the substance first? Yes, I believe so. I was a judicial officer for nearly 11 years, signed many, many search warrants. It was my rule that they needed to at least do a field chemical test to identify what it was. You're a very nice guy, but I don't think that's what the law requires. Our problem right here is the way the Supreme Court has laid it out in the years since Leon seems to be, you get a warrant from a neutral magistrate, unless any cop would know, this is crazy, it's okay. Well, I wish you'd been made a judge on our court. Me too. I'd have another friend. But, you know, a magistrate could do that. It would be nice. But I don't think there is any requirement in the law that there be a field test. Well, not yet. Not yet. But I think that… So you want us to conjure up some law, they have to test the meth before they go get a search warrant? No, I think it's just a matter of logic, and that they need to be able to identify that this is, in fact, a controlled substance. I have another case where the officer found a container, a small container. He thought it was drugs. It turned out to be a person's ashes. But I hear you, but do you have any case law? None. I don't think so. So you're a nice guy, I'm sure, a very fine lawyer, but I don't know how we can help you without case law to back this up. If you join us, you can make the case law. Well, I'd be very happy to do that if I could, but I'd suggest that perhaps this might be the time to do that on that particular issue. Thank you. Thank you very much. May it please the Court, Alexander Eckstrom, Assistant United States Attorney on behalf of the United States of America, appellee. Based on the argument, I would say that what's really presented to us by your opponent is the concept that we should adopt a rule that for probable cause the officers shouldn't just walk in with a box of ashes, for instance, or something they suspect is drugs, but that it would be so easy for them to show it's drugs that we should require that there be a field test before they come in and say we got a box of powder and we think it's meth, but we don't know, that we should adopt a rule that says there should be a field test. What's your response to that? Your Honor, I don't believe that the argument is supported by the current state of the law, and I think that in this case there is an additional indicia that is present that would assure the issuing magistrate that there was probable cause, that the substance was methamphetamine, and that's present in the affidavit in ER 24 through 25 where the report is of a prior methamphetamine delivery. Gomez, the in-between between the source of supply and the confidential informant, is offering to sell methamphetamine, and then Post Miranda makes an inculpatory statement indicating that the substance is in fact methamphetamine, and I would submit that that's every bit as good as a field test in the sense that the admission against interest, which inculpates. I don't know if it's really against interest. After all, the snitch is trying to work off a case, say, I'm the little guy, I can help you go after the big guy if you let me go. It's not really against interest. Your Honor, I would submit that it is under the rationale that if the individual's information turns out to be not helpful, in some way incorrect, the cooperator is left with the admission and upset law enforcement. And so the person runs the risk of being left simply with the admission if things don't work out. And so I would submit on behalf of the government that it is against influence. That might be a good reason for his lawyer to tell him, look, just don't talk to the police. But it's from the point of view of the guy who's gotten caught, there's a lot to be said for pointing the police at somebody else. Certainly there's an enlightened self-interest in making the comment. However, I would submit that that rationale of statement against interest was. Here's my thought. I don't buy your statement against interest argument, but I don't know if you need it. Can you make your argument without it? Can I make the argument? I apologize, Your Honor. If I'm not willing to accept the proposition that the statement had greater credibility because it was against the informant's self-interest, how good a search warrant affidavit do you have without that? Certainly, Your Honor, I have the question. It is still a good search warrant because the statements are confirmed by law enforcement observation. You have a. . . Okay, list what you've got in the way of observations without relying on that statement against self-interest to bolster credibility. You have. . . Or the fact that the statement is against self-interest to bolster credibility. Certainly. You have a confidential informant who's made a previous arrangement to purchase the methamphetamine on the 10th. On the 11th, under the direction of law enforcement, the CI calls again to Gomez and arranges for the additional three ounces. It's 15 minutes following that call, which is directed by law enforcement, that Gomez is seen leaving his residence, going to the residence, which is the subject of the search warrant, and then returning directly. While there's a stop for gas, there are other individuals in the car, he is surveilled directly to the point at which the 10 to 11 ounces of methamphetamine are removed from the vehicle, the sable to which it was transferred. This is Detective Stoll's testimony, is that right? It is Detective Hiram Stoll's. So you've got a monitored call ordering it and a surveilled purchase and acceptance of the substance. Yes, a transfer along Highway 14 near Sunnydale from Gomez's vehicle to the gold sable. So the only real gap is no field testing to see if it's really meth. Is there field testing available? I'm sorry, Your Honor? Is there cheap field testing available? There is. For meth? There is. We sometimes get cases in our newspaper, police blotter, baking soda and such. That's not for meth, but for other dope? Yes. There is a standard field test which tests for methamphetamine that is readily available. And they didn't do the field test, right? It is unclear whether they did. It is certainly not in the affidavit, and I'm bound by the four corners. But that's all you need in a search warrant situation, is it not, with the confidential informant, the detective's testimony, the fact that it came out of this house was involved. Even if Gomez wasn't involved, you'd have sufficient to show probable cause that there were likely methamphetamine and other possible drugs in that house. Yes, fairly stated that the inquiry is whether or not objects of crime will be found in the location, not whether or not the individual who may or may not be present is themselves liable. Right. And if I may, finally, to address the third point issue, I understand that Your Honor concurred only in the judgment, and I would simply indicate that as in Johnson, the rationale for not making the predicate motion was the reservation of the right to appeal, which I believe Your Honor found had a rational basis. Correct. I have nothing further unless the Court has questions of me. Brevity is the soul of wit. Understood, Your Honor, and I will appear later this week, and we'll keep that in mind. Thank you, counsel. I think Judge Kleinfeld brought up the issue, again, that I find most important on this appeal, and that is that the statements that the substance believed to be methamphetamine are totally conclusory, supported only by the statement attributed to Gomez, today he had attempted to deliver an amount of methamphetamine. Again, as counsel has candidly admitted, the field tests are available to officers. They all have them, chemical field tests. And the fact that someone that's just been arrested wants to give some information for his enlightened self-interest to assist law enforcement catch somebody else, that's inherently unreliable. Again, I disagree with Judge Van Sickle that the statement against interest in this particular case enhanced the credibility. And I'd suggest that under the Supreme Court authority of United States v. Ventresca, cited in my brief, that a search warrant needs to have a foundation for the most important part of this. This is a search warrant to go to a residence to locate drugs. They could easily have performed a field test, and without that foundational element, then I think the search warrant is defective. Why wouldn't Leon save it, even if it was? Because the officers, the same officers that wrote the search warrant leaving out the field test or the foundation for methamphetamine were the ones that executed it. As I recall, the Leon test is basically that any competent officer would have known better than to think he had a good warrant, even though a neutral magistrate issued it. Correct. And I think that officers are entitled to rely on the warrant, the judge's signature on the warrant. But I think when the same officers create the defect that... Well, let's say you've got an officer who says, boy, this is really kind of marginal, you know? I mean, I know our informant's just trying to get us off him and onto somebody else, and I hope this stuff is meth like he says, but gee, if it's good enough for the judge, I guess it's good enough for me. A search warrant reads like an order to the police. Do this. Yes, it does. But, Judge Kleinfeld, you've identified the specific issue, that they're trying to, they're moving towards the boundaries, the limits of probable cause. And I think that in this particular situation, if indeed we can assume or interpret this statement or the lack of a field test to mean that they did have some questions about what the substance was, then I would suggest that... Or maybe didn't want to know. Maybe didn't want to know. Still, that's something that should be disclosed to the judge rather than trying to hide that information from the judge.  Why is it hidden? I mean, I read the same thing that he read, and it doesn't say that there was a field test. Correct. So you wonder, how come there's no field test? Aren't they available? Yeah, they absolutely are available. And all these officers... Everybody knows that. Yeah. But reviewing search warrants, oftentimes there's time limitations, and you have to rely on the veracity of the officer. I issued them too. I was a U.S. magistrate and district judge. But I think that still, again, this is my own personal rule that I required field tests because that was something that we could have consistency about in every drug test, with the exception of marijuana probably, because everybody knows what marijuana looks and smells like. But I think that that critical element should be a requirement. I think in the federal court, in the Ninth Circuit, that should be a requirement for the issuance of a warrant. And it's simple to put down. It's simple to read. And the magistrate or the judge or other judicial officer would be able to, at a glance, know that the substance was a controlled substance, not somebody's ashes or something else. Thank you, counsel. Good. Thank you. Case just argued will be submitted. Second case on the calendar is United Transportation Union.
judges: Reinhardt, Kleinfeld, Smith